UNITED STATES of America, Appellee,

v.

**Luerle RUFF, Appellant.**

No. 84–1739.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.

Decided Jan. 22, 1985.

Mitchell D. Stevens, Dallas, Tex. and Stephen A. White, Charleston, Ark., for appellant.

Deborah J. Groom, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

In 1979, Luerle Ruff mortgaged a tract of land to the First National Bank of Memphis in order to secure a $100,000 loan made by the bank to her son-in-law and daughter (Edward and Diane Clapp) and Trans-Quip Industries, a corporation in which the Clapps owned the majority of stock. In 1980, the Clapps and Trans-Quip

---

obtained a $325,000 loan from the bank. This loan was guaranteed by the Small Business Administration (SBA), an agency of the United States. 15 U.S.C. § 633(a) (1982). The loan was used, in part, to pay off the earlier $100,000 loan.

The Clapps and Trans-Quip executed a promissory note on the $325,000 loan. At about the same time, Ruff signed an SBA guaranty form which stated that she guaranteed payment of the $325,000 loan. A clause had been added to the guaranty by her attorney, Jerry Pinson, which limited her guaranty to $100,000. Ruff testified at trial that she signed the guaranty believing that it involved her previous promise to guarantee the earlier $100,000 loan. At the time she signed the guaranty, she had been caring for a seriously ill sister, was ill herself, and had been recently widowed.

The debtors defaulted on the $325,000 loan; whereupon the mortgage, the $325,000 promissory note, and Ruff's guaranty were assigned by the bank to the SBA. The United States then instituted this suit against Ruff. *See* 28 U.S.C. § 1345 (1982); 15 U.S.C. § 634(b)(1) (1982). After trial, the district court found that the mortgage was invalid, but found in favor of the United States on the guaranty. The district court then entered a judgment in favor of the United States for $100,000, plus interest.

Ruff now appeals on the basis that: 1) the district court erred in finding her liable on the guaranty, 2) her attorney-client privilege was violated when her former attorney, Jerry Pinson, was permitted to testify, 3) the district court erred in denying her motion for a jury trial, and 4) the district court erred in denying her motion to incorporate its finding that the mortgage was invalid into the judgment.

We have carefully studied the record, including the district court's opinion and the briefs of the parties to this action. We find no merit to appellant's arguments. Accordingly, we affirm the judgment of the district court. *See* 8TH CIR.R. 14.